UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARILYN A. NESTICO,

      Plaintiff,

v.                                                    Case No. 04-73157

UNITED AUTO WORKERS, BANKERS            Honorable Patrick J. Duggan
LIFE AND CASUALTY COMPANY AND
FORD MOTOR COMPANY,

      Defendants.

_____/


**OPINION AND ORDER**
**GRANTING MOTION FOR RECONSIDERATION AS TO**
**DEFENDANT BANKERS LIFE AND CASUALTY COMPANY**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on AUGUST 24,2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

In an Opinion and Order dated June 22, 2005, this Court: 1) granted Defendant Bankers

Life and Casualty Company's Motion for Summary Judgment; 2) granted Defendants Ford

Motor Company's Motion for Summary Judgment; and 3) granted Defendant United Auto

Workers' Motion for Summary Judgment. On July 1, 2005, Plaintiff filed a Motion for

Reconsideration asking the Court to reconsider its June 22, 2005 Opinion and Order to the

extent it grants Summary Judgment to Defendants Bankers Life and Ford. Pursuant to

Eastern District of Michigan Local Rule 7.1(g)(2), this Court permitted Defendants Bankers

Life and Ford to respond to Plaintiff's Motion for Reconsideration.

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3)   Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case.  *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain.  *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

First, Plaintiff alleges that she provided timely notice of her claim to Bankers Life by mailing a certified copy of the insured's death certificate to Ford, which Plaintiff claims is Bankers Life's agent, on September 6, 2002.  Defendants contend that Ford was not an agent of Bankers Life.  The master policy identifies the "policy holder" as Ford Motor Company, Dearborn, Michigan.  The master policy specifically states that "the policy holder [Ford Motor Company] shall not be considered an agent of the company."  Consequently, Plaintiff has failed to show that Ford was an agent of Bankers Life.

Second, Plaintiff contends that the Court's reliance on the plan document cited in its Opinion and Order was not included in the administrative record and should, therefore, not

have been considered.  In its Opinion and Order, the Court wrote:

> However, the plan provides: "In any event, the proof required must be given no later than one (1) year from the time specified unless the Insured was legally unable to act."  Therefore, Bankers Life did not breach its contract with Plaintiff when it denied her benefits under the plan.

(Op. and Or. at 10).

> In its Reply to Plaintiff's Motion for Reconsideration, Bankers Life states:

> Plaintiff asserts the language of the policy and certificate regarding time for filing is confusing.  However, it is not.  The language is clear and unambiguous.  It favors the insured stating that if a claimant cannot file within the time allowed, they can file late and not have the late filing be a basis for the denial [sic] benefits.  Even if the language is not crystal clear, what is unambiguous is that no matter what reason delays the filing of the claim, [Bankers Life] would not accept claims filed past one year.

(Reply at 4 and 5).

The Court does not agree with defense counsel's characterization that the language "clearly and unambiguously" precludes a beneficiary from filing a claim after the expiration of one year.  The relevant portion of the policy provides:

### NOTICE AND PROOF OF CLAIM

> If it wasn't reasonably possible for the *Insured* to give US proof in the time required, We won't reduce or deny the claim for this reason if the proof is filed as soon as possible.

> \* \* \*

> If it wasn't reasonably possible for the *Insured* to give US proof in the time required. [sic] We won't reduce or deny the claim for this reason if the proof is filed as soon as possible.  In any event, the proof required must be given no later than one (1) year from the time specified unless the *Insured* was legally unable to act.

(Bankers Life Mot. for Judgment on the Pleadings, Ex. B (emphasis added)).

3

Because this policy protects against loss of life as well as other losses which an insured may suffer, e.g., loss of limbs, it is not unreasonable to conclude that the one year time limit applies to the insured unless he or she lacks legal capacity to submit a claim or proof of loss. Because the insured received a copy of the policy, the insured is deemed to be aware of the terms of the policy and it is not unreasonable to require the insured to give notice of the claim and submit proof of loss within one year unless the insured was legally unable to act.

To the extent that Defendant contends that this "clear and unambiguous language" permits the insurer to deny a claim not made within a year, Defendants are ignoring the provision that states that the one-year limitation doesn't apply if the insured is "legally unable to act." While it cannot be said, in this case, that the insured was "legally" unable to act, it is undisputed that he was "incapable" of providing any notice or proof of loss. For these reasons, the Court cannot conclude, as a matter of law, that the policy required the beneficiary to file a claim or proof of loss within one year. Consequently, a genuine issue of material fact exists as to whether Plaintiff, as a beneficiary, gave written notice of her claim to Bankers Life as soon as was reasonably possible. Therefore, Defendant Bankers Life's Motion for Summary Judgment must be denied.

Plaintiff also argues that a palpable defect exists in the Court's prior Opinion and Order by which the Court and the parties have been misled. Plaintiff contends that the Court was incorrect in concluding that equitable tolling did not apply to make her claim for benefits timely even though Defendant Bankers Life did not make any affirmative misrepresentation to Plaintiff. Equitable tolling is only to be applied in limited circumstances. *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981). "[E]quitable tolling may be premised upon

4

either misleading conduct by the employer **or** ineffective but diligent conduct by the employee that causes her to miss a filing deadline." *Andrews v. Orr*, 851 F.2d 146, 150 (6th Cir. 1998) (emphasis added). This Court agrees that Plaintiff is entitled to reconsideration. While the Court noted in its Opinion and Order of June 22, 2005, that Plaintiff had not alleged any affirmative misrepresentation on the part of Defendant Bankers Life which caused Plaintiff to miss the deadline, the Court failed to give appropriate consideration to the fact that Plaintiff's "ineffective but diligent conduct" caused her to miss the filing deadline.

Accepting the facts as asserted by Plaintiff, as this Court must when considering a defendant's motion for summary judgment, it would appear that Plaintiff was diligent in pursuing her rights when she learned about the decedent's optional insurance policy. The Sixth Circuit has considered the following factors in determining whether equitable tolling of a limitations period is appropriate: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Clark v. NBD Bank*, 3 Fed.Appx. 500, 504, 2001 WL 180971, *3 (6th Cir. Feb. 15, 2001) (concluding that equitable tolling of contractual three-year limitations period of ERISA plan was not warranted where beneficiary was not diligent in pursuing her rights).

Applying these factors to this case, Plaintiff had no actual or constructive notice of the filing requirement until December 14, 2003, when Plaintiff received a letter from "Optional Insurance Plan." Plaintiff was diligent in pursuing her rights once she learned about decedent's optional insurance policy; Plaintiff made a claim on the Bankers Life optional

accidental death policy roughly one month after she received the claim form.  Moreover, Defendant Bankers Life has failed to show any actual prejudice that it will suffer.  Finally, under the particular circumstance of this case, Plaintiff was reasonable in remaining ignorant of the notice requirement where she was a beneficiary (not the Insured).  Plaintiff was not privy to most of her husband's financial affairs.  In addition, both Plaintiff and her attorney, during multiple phone conversations with Ford and the UAW, attempted to ascertain any additional insurance policies.  Consequently, the Court believes that equitable tolling should apply.

In this Court's opinion, the remaining issues raised by Plaintiff in her Motion for Reconsideration were already ruled upon by the Court, either expressly or by implication, in its Opinion and Order, dated June 22, 2005.  *See* E.D. MICH. L.R. 7.1(g)(3).  Therefore, the Court declines to address these issues.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED** with respect to Plaintiff's claims against Ford Motor Company.

**IT IS FURTHER ORDERED** that this Court's June 22, 2005 Opinion and Order shall be **VACATED** to the extent that it granted Defendant Bankers Life's Motion for Summary Judgment and dismissed Defendant Banker's Life.

**IT IS FURTHER ORDERED** that Defendant Bankers Life's Motion for Summary Judgment is **DENIED**.

6

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Leslie Logan
Thomas Paxton
Lisa Smith
Niraj Ganatra
Sherry O'Neal